SCHOENBLUM v. NEW YORK RYS. CO.

(Supreme Court, Appellate Term, First Department.   January 15, 1915.)

JUDGMENT (§ 167*)—DEFAULT—OPENING—AFFIDAVIT—SUFFICIENCY.

Where neither party had served any notice of readiness for trial, though under the rules of the court neither party could answer "Ready" orally on the call of the calendar, an affidavit for the opening of plaintiff's default, which alleged that plaintiff's attorney did not personally receive notice that defendant was ready for trial was sufficient, under Code Civ. Proc. § 768, providing that on the hearing of a motion relief shall not be denied because of insufficiencies in the moving papers which can be cured on the hearing, etc., and the default should be opened, without imposing as a condition the payment of taxable costs and motion costs.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 326, 330, 333, 334; Dec. Dig. § 167.*]

Appeal from City Court of New York, Special Term.

Action by Laura Schoenblum against the New York Railways Company.   From an order of the City Court of the City of New York, opening plaintiff's default on payment of taxable costs to date and $10 motion costs, plaintiff appeals.   Modified and affirmed.

Argued January term, 1915, before GUY, BIJUR, and GAVEGAN, JJ.

Nathaniel N. Holzer, of New York City (Theodore F. Kuper, of New York City, of counsel), for appellant.

James L. Quackenbush, of New York City (B. H. Ames and John Montgomery, both of New York City, of counsel), for respondent.

GUY, J.   The action was for a personal injury, issue was joined, notice of trial was served for first Monday of October, 1914,. and the case was put on the calendar as No. 10274.   The calendar was renumbered, and the cause was renumbered 2607.   It appeared in the Law Journal on the call calendar for Friday, October 23, 1914, and was marked "Ready," it does not appear how.   Plaintiff's attorney neither

served any notice of readiness for trial, nor received any notice that defendant was ready for trial. Under the amended rules neither party can answer "Ready" orally on the call of the City Court call calendar, as the amended rule reads: "The calendar will not be called in open court."

The plaintiff's moving affidavit is criticized as inartificial, in that its literal meaning is alleged to be that the plaintiff's attorney did not personally receive notice that defendant was ready for trial. But as there is no proof of the service or filing of any notice of readiness by defendant, to sustain this criticism would substitute technicality for justice in contravention of section 768 of the Code.

Order modified, by striking out the words "on condition that plaintiff, within six days after the service of a copy of this order, with notice of entry thereof, pay to defendant's attorney all taxable costs to date, besides $10 costs of opposing this motion; otherwise, motion will be denied"—and order, as so modified, affirmed. No costs of appeal to either party. All concur.